## UNCERTAINTY REGARDING RIGHT OF APPEAL.

Circuit Court of Cuyahoga County.

O. E. LYDRICKSON v. CHARLES BRENNER ET AL.

Decided, January 12, 1906.

*Judgments—Collection of Judgment Not Enjoined Unless Good Defense Shown—Appeal from Order Dissolving Restraining Order.*

1. To maintain an action to set aside a judgment it is necessary to allege and prove that there is a good defense to the cause of action.
2. Whether or not error may be prosecuted to reverse an order of the court of common pleas dissolving a temporary restraining order, *quaere.*

*McGrath & Stern,* for plaintiff in error.
J. C. *Block* and *Feniger & Kastriner,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

This proceeding in error is prosecuted to reverse an order of the Court of Common Pleas of Cuyahoga County granting a motion to dissolve a temporary restraining order allowed in an action to enjoin the collection of a judgment recovered by Brenner against Lydrickson before a justice of the peace. The motion to dissolve was heard on the petition alone, no affidavits or other evidence being offered. The action is still pending below.

We are in doubt whether the allowance of this motion is reviewable on error before final judgment in the court below.

The Superior Court of Cincinnati in general term has held that the dissolution of a temporary restraining order is not thus reviewable. *The Cincinnati College et al* v. *The City of Cincinnati et al,* 1 C. S. C. R., 255.

The Circuit Court of Hamilton County has taken the opposite view. *The Chicago, St. Louis & Pittsburg R. R. Co.* v. *The City of Hamilton,* 3 C. C., 455.

The Supreme Court apparently, still regards the question as an open one. *Taylor* v. *Brick Companies et al,* 66 Ohio State, 360, 366.

Inasmuch as we have reached a conclusion on the whole case which makes it practically unnecessary to decide this question, we prefer to rest our decision upon the merits of the controversy, remarking, however, that the remedy by appeal, under Section 5226, is not fraught with doubt, and may perhaps afford an exclusive method of reviewing orders of this character.

The summons in the primary case was not endorsed with the amount sued for, as required by Section 6475, Revised Statutes, but was in that respect blank. It is claimed that it is therefore void under Section 602, Revised Statutes. "Void" and "voidable" are terms not always used with precision, even in statutes. It was said by Martin, J., in the case of *Robbins* v. *Clemmens,* 41 Ohio St., 285, 286-7, that in case of actual service "by copy, accompanied by defects, in the summons, or its copy, the judgment might be voidable only," since the defendant "has an opportunity to appear and take advantage of the irregularity before, or after, judgment." And it is claimed here that, inasmuch as there is a plain remedy at law, injunction will not lie. This is not true of void judgments. And in any event, whether the judgment here assailed be void, or, as we think, merely voidable, there is this prerequisite to the maintenance of an action to enjoin its collection, viz: that a valid defense to the action be shown to exist. *Greene* v. *The Woodland Avenue Street R. R. Co. et al,* 62 O. S., 67, 76.

Here the petition alleges that the plaintiff has such a defense, but it is not shown what that defense is. In the absence of other evidence on the hearing of the motion to dissolve the temporary restraining order, it was not error to grant such motion, and the order of the court of common pleas is therefore affirmed.